Craton LIDDELL, et al.

v.

The BOARD OF EDUCATION OF THE CITY OF ST. LOUIS, MISSOURI, et al.

Michael C. and Kendra LIDDELL, minors by Minnie Liddell, their mother and next friend; and Minnie Liddell; Roderick D. LeGrand, a minor, by Lois LeGrand, his mother and next friend; and Lois LeGrand; Clodis Yarber, a minor, by Samuel Yarber, his father and next friend; and Samuel Yarber, Appellees,

Earline Caldwell; Lillie Mae Caldwell; and Gwendolyn Daniels; and National Association for the Advancement of Colored People, Appellees,

v.

The BOARD OF EDUCATION OF the CITY OF ST. LOUIS; Dr. M. Thomas, Penelope Alcott, Thomas Bugel, Eddie Davis, Louis Fister, Richard Gaines, John P. Mahoney, Marjorie Smith, Dorothy Springer, Shirley Kiel, Rev. Earl Nance, Jr., and Douglas Rush; Julius C. Dix, David J. Mahan, and Anne E. Price, Associate Superintendents; Dr. Jerome B. Jones, Superintendent; in their official capacities, Appellees,

The State of Missouri; John Ashcroft, Governor; William L. Webster, Attorney General; Wendell Bailey, Treasurer; John A. Pelzer, Commissioner of Administration; Dr. Robert Bartman, Commissioner of Education; The State Board of Education; and its Members: Roseann Bentley, Dan L. Blackwell, Thomas R. Davis, Susan D. Finke, Ray-

---

mond F. McCallister, Jr., Cynthia B. Thompson, Terry A. Bond, and Roger A. Tolliver, Appellants,

The Affton Board of Education; The Bayless Board of Education; The Brentwood Board of Education; The Clayton Board of Education; The Hancock Place Board of Education; The Hazelwood Board of Education; The Jennings Board of Education; The Kirkwood Board of Education; The Ladue Board of Education; The Lindbergh Board of Education; The Mehlville Board of Education; The Normandy Board of Education; The Pattonville Board of Education; The Ritenour Board of Education; The Rockwood Board of Education; The Valley Park Board of Education; The Webster Groves Board of Education, Appellees.

No. 88–2034.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1988.

Decided April 21, 1989.

Rehearing Denied May 31, 1989.

Robert Presson, Asst. Atty. Gen., Jefferson City, Mo., for appellants.

William Taylor, Washington, D.C., Stephen Cooper, John Gianoulakis, and James Erwin, St. Louis, Mo., for appellees.

Before HEANEY * and FAGG, Circuit Judges, and REASONER,** District Judge.

FAGG, Circuit Judge.

The State of Missouri appeals the district court's order clarifying the extent of Missouri's funding obligation for interdistrict student transfers in the St. Louis school desegregation case. *See Liddell v. Board of Educ.*, 686 F.Supp. 235 (E.D.Mo.1988). We reverse in part and affirm in part.

---

* The HONORABLE GERALD W. HEANEY assumed senior status on January 1, 1989.

** The HONORABLE STEPHEN M. REASONER, United States District Judge for the Eastern District of Arkansas, sitting by designation.

The Settlement Agreement reached in the St. Louis school desegregation case establishes two percentage-based objectives for the interdistrict student transfer program. The first of these objectives, entitled the "Plan Goal," involves achieving "a racial ratio of [twenty-five percent] black students and [seventy-five percent] white students" in each participating district. The second objective, known as the "Plan Ratio," involves realizing in each participating district "an increase of black student enrollment of fifteen percentage points or achievement of the Plan Goal, whichever is less."

Under the Settlement Agreement, if a school district achieves its Plan Ratio during the five-year period in which further litigation in the case is stayed, the school district is entitled to a final court judgment relieving it of further liability to the plaintiffs. *See Liddell v. Missouri*, 731 F.2d 1294, 1302 (8th Cir.) (en banc), *cert. denied*, 469 U.S. 816, 105 S.Ct. 82, 83 L.Ed.2d 30 (1984) (*Liddell VII*). At that time, the Settlement Agreement also requires a district's continued participation in the interdistrict transfer program in pursuit of the district's Plan Goal (to the extent the district's Plan Ratio falls short of the twenty-five percent figure). *See Liddell*, 686 F.Supp. at 238.

As part of the court-ordered desegregation remedy in this case, Missouri substantially funds the interdistrict transfer program through a variety of payments and other financial incentives. *See Liddell VII*, 731 F.2d at 1302. When six county school districts achieved their designated Plan Ratios in 1988, Missouri took the position it was not required to pay for transfers beyond the Plan Ratio levels of enrollment. (By coincidence, at the time the six districts met their Plan Ratios, those districts had realized percentage increases in enrollment that were also sufficient to satisfy the Plan Goal.) Acting on this contention, Missouri partially withheld payments to the six districts. In addition, Missouri contended this court in *Liddell VII* established an overall cap on the total number of state-funded transfers equal to 15,000 students. Missouri then sought clarification of the state's funding obligations in district court.

■ In ruling on Missouri's motion for clarification, the district court concluded Missouri was obligated to fund whatever interdistrict transfers were necessary for the districts to achieve their Plan Goal enrollment levels. *Liddell*, 686 F.Supp. at 239. We disagree.

Although under our decisions Missouri certainly must participate in funding desegregation in the St. Louis schools, Missouri is not a party to the Settlement Agreement. Thus, arrangements amongst the signatory parties about optimal levels of enrollment are not automatically coextensive with Missouri's financial obligations to eradicate the vestiges of discrimination. Missouri's obligations flow, instead, from the court-approved consent decree. *See Liddell VII*, 731 F.2d at 1297. Neither the decree nor our decisions following *Liddell VII* impose a Plan Goal funding obligation on Missouri. For this reason, the district court committed error in requiring Missouri to pay for transfers necessary to attain the districts' Plan Goals under the Settlement Agreement, and we reverse this aspect of the district court's decision.

■ The district court also disagreed with Missouri's argument that, regardless of any percentage-based enrollment objectives of the parties to the Settlement Agreement, this court in *Liddell VII* established a 15,000 student limit on Missouri's fiscal responsibility for interdistrict transfers. The district court acknowledged its interpretation was "debatable," *Liddell*, 686 F.Supp. at 238, and we do not criticize its choice in view of this perceived uncertainty. Nevertheless, a 15,000 student limit on Missouri's financial liability for interdistrict transfers was our original intent in outlining Missouri's obligations. *See Liddell VII*, 731 F.2d at 1302, 1309. We have since reaffirmed this facet of our decision. *See, e.g., Liddell v. Missouri*, 839 F.2d 400, 402 (8th Cir.), *cert. denied*, —— U.S. ——,

109 S.Ct. 74, 102 L.Ed.2d 50 (1988); *Liddell v. Board of Educ.*, 830 F.2d 823, 825 (8th Cir.1987).

Missouri's obligation is to fund interdistrict transfers necessary to reach 15,000 students—no more, no less. This obligation exists regardless of any individual school district attaining its Plan Ratio or the Plan Goal under the Settlement Agreement. The parties agree the total number of students currently attending county schools under the interdistrict transfer program is less than 15,000. Thus, Missouri's obligation to fund interdistrict transfers has not yet been fulfilled. Insofar as the district court's order restoring state funding complies with this portion of our opinion, we affirm. Furthermore, the parties shall take whatever steps are necessary to ensure that 15,000 city students are enrolled in the county schools. In light of the parties' progress to date, this goal is attainable, and it must be achieved at the earliest opportunity.

■ Finally, Missouri contends any imposition of a continuing obligation to fund interdistrict transfers violates the eleventh amendment. We have considered this argument on numerous occasions during the course of this case and have repeatedly rejected it. *See Liddell v. Board of Educ.*, 867 F.2d 1153, 1155 (8th Cir.1989) (per curiam). That being so, Missouri's identical argument in this appeal is without merit.

Reversed in part, affirmed in part, and remanded for proceedings consistent with this opinion.